IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS PILARE,<br><br>            Plaintiff,<br><br>  v.<br><br>MATSON NAVIGATION COMPANY,<br><br>            Defendant.<br>                                                              / | No. C 06-00023 WHA<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**INTRODUCTION**

In this action for personal injuries under the Jones Act, plaintiff Jesus Pilare now moves for partial summary judgment as to his claims of negligence *per se*, common-law negligence, and unseaworthiness against defendant Matson Navigation. This order holds that defendant has demonstrated the existence of triable issues of fact. Accordingly, plaintiff's motion for summary judgment is **DENIED IN PART** and **GRANTED IN PART**. However, some points will be taken as established for trial.

**STATEMENT**

Jesus Pilare worked as a day junior engineer on the ship M/V Mokihana from approximately August 2000 until December 2000, and again from about January 23, 2004 until March 20, 2004 (Goodroe Decl. Exh. B at 21). His routine duties included taking instrument readings in the ship's engine rooms and noting such readings in a log book (*id*. at 22).

1   On March 13, 2004, Pilare was taking the readings from the evaporators in the engine room of the Mokihana (*id.* at 28). While he was recording some numbers on a clipboard, Pilare struck his head on a pipe flange that extended into the walkway in which he was walking (*id*. at 29). As a result, Pilare suffered an injury to his head and symptoms including pain, dizziness, and nausea (*id.* at 32–33). After getting medical treatment in Japan five days later, Pilare was diagnosed with a concussion. Since the accident he has suffered chronic neck pain, numbness in his extremities, and compression of the cervical spine (*id.* at 74). Because of these injuries, Pilare is allegedly no longer able to work.

The walkway that Pilare was walking down at the time of the injury was about eight feet in width (Goodroe Decl. Exh. C at 24). The flange on which Pilare hit his head extended approximately twelve to eighteen inches into the walkway (*ibid.)*. The flange on which he hit his head was at a height of about five feet, two inches, while Pilare stands about five feet, six inches tall (Goodroe Decl. Exh. B at 38). Since before August 2000, a handwritten tag had been hanging from the flange that says "WATCH YOUR HEAD." Pilare testified that he had noticed the tag before in his time working on the Mokihana (*ibid*.). Pilare performed similar duties on other ships owned and operated by Matson, including the Mahimahi, the Manoa, and the Kauai. They have had similarly located flanges in their engine rooms, but those flanges were further from the ground or covered with padding (*id*. at 45).

There have been no other reports of sailors on the Mokihana injuring themselves as a result of the flange (MacCleod Decl. ¶ 7). Other pipes in the Mokihana's engine room have been padded, but padding is usually only placed on hot water pipes for the purposes of insulation. The pipe in question carries cold water (*id.* at 9).

**ANALYSIS**

Plaintiff filed this suit on January 3, 2006, alleging negligence under the Jones Act, 46 U.S.C. 688, and unseaworthiness. Plaintiff argues two theories of negligence under the Jones Act, that Matson was negligent *per se* because of a violation of a safety regulation, and that Matson breached a duty of care.

Summary judgment should be granted where the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." FRCP 56(c). When the moving party would bear the burden of proof at trial, it has the initial burden of producing evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Once the moving party meets its initial burden, the nonmoving party must "designate specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). "If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citation omitted).

Here, the plaintiff has the burden of proof as to his claims for negligence and unseaworthiness. Accordingly, plaintiff must set forth facts that would entitle him to a directed verdict at trial. If he fails, then the inquiry ends, and summary judgment is denied. If he succeeds, then the burden shifts to defendant to produce evidence showing that there is a genuine issue of material fact for trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

### 1. NEGLIGENCE *PER SE* UNDER THE JONES ACT.

Under the Jones Act, a seaman can bring an action for negligence on the part of his employer or his employer's agent and recover for personal injuries suffered in the course of their employment. To recover under the Jones Act, a plaintiff must prove "(1) negligence on the part of his employer (or one for whom the employer is responsible), and (2) that the negligence was a cause, however slight, of his injuries." *Havens v. F/T Polar Mist*, 996 F.2d 215, 218 (9th Cir. 1993).

Alternatively, a plaintiff may prove that his employer or his employer's agents were negligent *per se* if they were in violation of a Coast Guard safety regulation. To prove negligence *per se*, a plaintiff must prove five elements: "(1) a violation of Coast Guard

3

regulations, (2) the plaintiff's membership in the class of intended beneficiaries of the regulations, (3) an injury of a type against which the regulations are designed to protect, (4) the unexcused nature of the violations, and (5) causation." *Fuzek v. Royal King Fisheries*, 98 F.3d 514, 517 (9th Cir. 1996) (citing *Smith v. Trans-World Drilling Co.*, 772 F.2d 157, 160 (5th Cir. 1985)).

### A. Violation of 46 C.F.R. 42.15-75.

Pilare alleges that the Mokihana was in violation of Coast Guard safety regulation 46 C.F.R. 42.15-75 which governs the protection and safety of the crew. It states in pertinent part:

> Satisfactory means (in the form of guard rails, life lines, gang ways, and under deck passageways, etc.) shall be provided for the protection of the crew in getting to and from their quarters, the machinery space, and all other parts used in the necessary work of the vessel.

46 C.F.R. 42.15-75(d). Plaintiff attempts to prove that the Mokihana was in violation of this regulation because defendant failed to provide a safe walkway to his workspace.

Plaintiff seems to present only evidence of the physical setup of the walkway to establish that the flange posed a danger in violation of the safety regulations. Neither party disputes that the flange extended between twelve and eighteen inches into the walkway at a height of about five feet and two inches, or that the walkway was approximately eight feet wide. Furthermore, plaintiff presents his own deposition testimony, stating that it was common practice to move about the engine room with his head down because he had to focus on the readings that he was taking. Plaintiff also admits, however, that the remainder of the walkway, some six and one-half feet, was clear from obstacles.

In response, defendant points out that Pilare had at least six and one-half feet of open, unobstructed steel decking in which to travel between his assigned tasks. Furthermore, defendant presents the declaration of Randall Sharpe who states that the Mokihana had been

4

regularly inspected by the Coast Guard and that it had passed those inspections. Viewing the facts in the light most favorable to defendant as this order must do, Pilare has not met his burden of showing that there is no issue of triable fact with respect to this issue. A reasonable fact finder could decide that the walkway through the engine room was a "satisfactory means" of accessing Pilare's workspace within the regulation.

Matson argues also that 46 C.F.R. 42.15-75 does not apply to walkways within crewmembers' work areas, but only applies to getting to and from work spaces and quarters. In support, Matson presents the declaration of former Coast Guard officer Randell Sharpe. Sharpe states that the regulation was not intended to apply to the arrangement of interior compartments on a ship or to getting from one place to another within an engine room; the regulation was meant to apply to protecting crew members when traveling between engine room spaces, deck houses, and quarters on a ship. In response, plaintiff cites *Wuestewald v. Foss Maritime Co.*, 319 F. Supp.2d 1002 (N.D. Cal 2002) for the proposition that 46 C.F.R. 42.15-75 applies to spaces within the engine room. Plaintiff's reliance on *Wuestewald* is misplaced. As defendant's counsel pointed out in oral argument, that decision concerned a sailor injured in getting off a ship where his employer did not provide a gangway to access the ship. Gangways are specifically mentioned in the regulation, while means of accessing spaces within the engine room are not. This order need not reach this issue. Even if the regulation specifically applied to spaces within the engine room, whether Matson provided "satisfactory means" within the regulation is a question of fact.

5

### B.     Class Of Beneficiaries And Type Of Injury.

Plaintiff proves that he is a member of the class which the regulation was designed to protect. Pilare was a day junior engineer on the Mokihana and was performing his assigned duties of recording instrument readings while he sustained his injuries. Defendant does not dispute this. Also, Pilare has shown that this is the type of injury that the regulation is designed to guard against. The regulation ensures that seamen have a safe means of accessing their quarters, work spaces, and all other places necessary to performing their duties. Plaintiff has shown, and defendant does not dispute that it was necessary for Pilare to use the walkway to perform his duties. These issues will be deemed established at trial.

### C.     Unexcused Nature of Violation.

Compliance with regulations is excused in instances of emergency or where compliance would be more dangerous than non-compliance. *Smith*, 772 F.2d at 161. Defendant does not argue that it was excused from complying with the regulation at the time of Pilare's accident, and accordingly plaintiff does not present any evidence on this factor. Accordingly, there is no issue of fact as to the unexcused nature of the violation. This will be deemed established for trial.

### D.     Causation

To prove a claim of negligence under the Jones Act, the plaintiff must show that his injuries were a result of the violation of the safety regulation. Plaintiff argues that the position of the flange caused plaintiff's injury. Defendant focuses on the fact that Pilare was apparently not watching where he was going when he struck his head. However, even viewed favorably to the defendant, if the walkway was in violation of a safety regulation, the nature of Pilare's

6

accident makes it quite clear that the violation would have caused his injuries. Thus, if the ship was in violation, Pilare has shown that there are no triable issues of fact as to causation under a theory of negligence *per se*. This contingent fact of causation will be deemed established for trial.

Defendant has identified triable issues of fact, including whether or not the Mokihana was in violation of safety regulations. Summary judgment on plaintiff's negligence *per se* claim is **DENIED**.

### 2.   NEGLIGENCE UNDER THE JONES ACT.

Plaintiff's second claim alleges negligence under the Jones Act. To prove a claim of negligence absent a statutory or regulatory violation, plaintiff must show his employer or one of his employer's agents was negligent, and that such negligence was a cause, however slight of his injuries. *Havens*, 996 F.2d at 918. The quantum of proof required to prevail on Jones Act negligence is smaller than that needed to prove common law negligence. "The elements of a Jones Act negligence claim are: duty, breach, notice and causation." *Ribitzki v. Canmar Reading & Bates*, 111 F.3d 658, 662 (9th Cir. 1996).

#### A.   Duty.

A shipowner has a duty of due care under the Jones Act to provide a reasonably safe workplace for its crewmembers. *Michalic v. Cleveland Tankers Inc.*, 364 U.S. 325, 327 (1960). Here, plaintiff has proven, and defendant does not dispute, that Pilare was a crewmember on the Mokihana. There are no triable issues of fact as to whether Matson owed Pilare a duty of care. This issue is deemed established for trial.

7

### B.     Breach.

The standard of care a shipowner owes its crew is that of a reasonably prudent person under the circumstances. *Ibid.* (citing *Cox v. Esso Shipping Co.*, 247 F.2d 629, 637 (5th Cir. 1957)). The sum of plaintiff's argument appears to be that Matson breached its duty to provide a safe workplace by not adding padding to the flange or locating it in a more suitable place. Plaintiff cites to the deposition of Chief Engineer Kenneth MacCleod, who stated that the flange warranted some remedial measures, such as covering it with padding. The declarations and exhibits containing this testimony were finally filed two days before the hearing on this motion, and after prompting from the court. Even after considering this very tardy evidence, this order must still view the evidence in the light most favorable to defendant. The layout of the engine room and MacCleod's statements together do not establish that Matson failed to act as a reasonably prudent person would under the circumstances. Plaintiff has failed to produce evidence of breach, so summary judgment is not warranted.

### C.     Notice.

Plaintiff must prove that his employer or his employer's agents knew or should have known of the condition. *Havens*, 996 F.2d at 217. Pilare presents evidence that Matson knew that the exposed flange posed a danger because someone had placed a hand-written tag saying "WATCH YOUR HEAD" on the flange. Plaintiff asks the court to infer knowledge of the condition by Matson from the tag. Additionally, plaintiff cites to MacCleod's deposition in support of notice in its late-filed exhibits.

Defendant presents MacCleod's declaration in response. He states that to his knowledge, no one other than Pilare has hit his head on the flange. Other pipes are covered in

8

padding, but those are hot water pipes covered for insulation. The pipe flange on which Pilare hit his head carried cold water, and thus needs no insulation.

Plaintiff argues that MacCleod made a self-serving declaration which directly contradicts his deposition testimony. "A party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). In his deposition, MacCleod does state that he has had "a few close calls with the pipe in question." In his declaration, however, he says that no crewmember on the Mokihana to his knowledge, has ever been injured because of the flange. MacCleod's declaration does not directly contradict his prior testimony. Viewed in the light most favorable to the non-moving party, a reasonable fact finder could decide that Matson was not or should not have been on notice of the danger. Plaintiff has not shown the absence of material fact with respect to notice.

### D. Causation.

To prove a Jones Act claim for negligence, plaintiff must establish that his employer's or his employer's agent's negligence was a cause, however slight, of plaintiff's injuries. *Ribitzki*, 111 F.3d at 662. The standard for causation under the Jones Act is a lower standard than for ordinary common-law negligence. *Perkins v. Amer. Elec. Power Fuel Supply*, 426 F.3d 593, 598 (6th Cir. 2001). Plaintiff again identifies the setup of the walkway and the flange's extending into the walkway as evidence that defendant's negligence caused his injuries.

Matson presents evidence of Pilare's contributory negligence in the accident. Defendant states that plaintiff had worked on the ship before doing the same duties. By plaintiff's own admission, he was walking with his head down. Under this relaxed standard of causation,

9

however, there exists no question of fact as to whether the flange's position in the walkway was at least a slight cause of plaintiff's injury. That is, if the flange were in a higher position in the walkway, Pilare would not have hit his head. Plaintiff has shown that the position of the flange caused the accident. Thus, if plaintiff establishes that defendant breached a duty, there exists no triable issue of fact as to causation. Subject to this contingency, the issue of causation has been established for trial.

There still exist triable issues of fact as to breach and notice; summary judgment on Pilare's negligence claim is **DENIED**.

### 3.   UNSEAWORTHINESS.

An unseaworthiness claim is based on the presence of a condition in the ship, and is wholly distinct from a negligence claim under the Jones Act. A shipowner has a duty to provide a ship that is "reasonably fit for its intended purpose." *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 497 (1971). To prove a claim of unseaworthiness, the plaintiff must show (1) that the scope of the warranty of seaworthiness extends to him and his duties; (2) that the injury was caused by a piece of the ship's equipment or appurtenant appliances; (3) that the equipment was not reasonably fit for its intended use; and (4) that the unseaworthy condition was the proximate cause of the plaintiff's injuries. *Gebhard v. S.S. Hawaiian Legislator*, 425 F.2d 1303, 1310–1313 (9th Cir. 1970). The question of unseaworthiness is generally left to a factfinder. *Jordan v. United States Lines, Inc.*, 738 F.2d 48, 50 (1st Cir. 1986).

Plaintiff first argues that a violation of a Coast Guard regulation, such as 46 C.F.R. 42.15-75, can render a vessel unseaworthy as a matter of law. As mentioned above there still remains a triable issue of fact regarding whether or not the Mokihana was in violation of the

10

Coast Guard regulation. Summary judgment is not proper under plaintiff's claim of unseaworthiness as a matter of law.

### A. Scope Of The Warranty Of Seaworthiness And Injury Caused By Ship's Appliances or Appurtenances.

Plaintiff has established, and defendant does not dispute, that as a crewmember, the warranty of seaworthiness extended to Pilare. As to the second element of an unseaworthiness claim, plaintiff proves that he was injured because of the pipe flange, and that the pipe flange was part of an evaporator. Plaintiff has also established that he was required to use the walkway to perform his duties. The flange and the walkway are clearly part of the ship's appliances or appurtenances, and defendant does not dispute this element. These issues are deemed established for trial.

### B. The Equipment's Fitness For Its Intended Use.

To prove that the walkway was not fit for its intended use, Pilare states in his deposition that a similarly located flanges on other ships on which he has served are further from the deck and are covered with padding. In short, plaintiff attempts to prove that the walkway is unfit for its intended use because of the position of the flange. Viewed in the light most favorable to the defendant, Pilare has established that walkway may pose a danger, but he has not shown that the equipment was unfit for its intended purpose. Defendant merely asserts in its opposition that there is no evidence of unseaworthiness without presenting evidence to the contrary, but plaintiff has not met his burden of production. Thus, there exists a triable issue of fact as to whether the condition rendered the ship unseaworthy.

11

### C. Unseaworthy Condition Was the Proximate Cause Of Plaintiff's Injury.

In an unseaworthiness claim, "causation is established by showing that the unseaworthy condition was a substantial factor in causing the injury." *Ribitzki*, 111 F.3d at 484. This is a higher standard of causation than that for negligence under the Jones Act. Plaintiff argues that his injury was a direct result of the condition of the pipe flange's extending into the engine-room walkway. Pilare hit his head on the pipe, and but for its presence, he would not have been injured. However, as mentioned above, parties agree that Pilare was walking through the walkway with his head down. As defendants have previously argued, this could also be a substantial factor in plaintiff's injury. Thus, there remains a triable issue of fact as to whether plaintiff's injuries were substantially caused by the presence of the flange, or by plaintiff's contributory negligence.

### 4. DEFENDANT'S EVIDENTIARY OBJECTIONS.

Defendant objects to plaintiff's references to and reports of plaintiff's medical conditions as irrelevant. As these references and reports are unnecessary to determining the liability issues presented here, this objection is **DENIED AS MOOT**. Defendants also objects to portions of plaintiff's memorandum of points and authorities as containing hearsay. Plaintiff's references the chief electrician's statements are also not considered in determining the issues at hand, that objection is also **DENIED AS MOOT**.

12

**CONCLUSION**

For the above reasons, plaintiff's motion for partial summary judgment is **DENIED IN PART,** and **GRANTED IN PART**.

**IT IS SO ORDERED.**

Dated: December 7, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE