IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JESUS PILARE,

        Plaintiff,

  v.

MATSON NAVIGATION COMPANY,

        Defendant.

No. C 06-00023 WHA

**COURT'S PROPOSED CHARGE TO THE JURY
AND SPECIAL VERDICT FORM**

Appended hereto are copies of the draft charge to the jury and special verdict form given to both sides on **FEBRUARY 27, 2007**, for discussion with the Court at the charging conference on **WEDNESDAY, FEBRUARY 28, 2007,** at **7:30 A.M.**  Counsel are reminded that all objections, additions, or modifications must be made at the charging conference or else they shall be deemed waived.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JESUS PILARE,

    Plaintiff,

  v.

MATSON NAVIGATION COMPANY,

    Defendant.

No. C 06-00023 WHA

**[DRAFT]**
**FINAL CHARGE TO THE JURY**
**AND SPECIAL VERDICT FORM**

1.

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits which have been received into evidence;

3. The sworn testimony of witnesses in depositions, read into evidence; and

4. Any facts to which the lawyers have stipulated. You must treat any stipulated facts as having been conclusively proved.

3.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. You should consider both kinds of evidence. It is for you to decide how much weight to give to any evidence.

4.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

3. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness' memory;

3. The witness' manner while testifying;

4. The witness' interest in the outcome of the case and any bias or prejudice;

4

5.   Whether other evidence contradicted the witness' testimony;

6.   The reasonableness of the witness' testimony in light of all the evidence; and

7.   Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence.

6.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact.

7.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

9.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

10.

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

11.

In these instructions, I will often refer to a party's "burden of proof." Let me explain what that means. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

12.

On any claim, if you find that plaintiff carried his burden of proof as to each element of a particular claim, your verdict should be for plaintiff on that claim. If you find that plaintiff did not carry his burden of proof as to each element, you must find against plaintiff on that claim. This same principle also supplies to defendants on claims for which it has the burden of proof.

13.

I will now turn to the law that applies to this case. I will give you a brief summary of the claims and defenses at issue in this case.

Plaintiff Jesus Pilare claims that defendant Matson Navigation Company was negligent in allowing an unpadded valve assembly to project into an area of the engine room of the Motor Vessel Mokihana in which members of the engine room crew walked, including Mr. Pilare. Mr. Pilare also claims that this valve assembly was not adequately marked as a danger. In addition, Mr. Pilare claims that this condition rendered the vessel "unseaworthy," a legal term that I will define later in these proceedings.

Mr. Pilare seeks damages as a result of striking his head on the valve assembly while on duty, and claims that he has been rendered permanently unfit to return to work as a seaman because of injuries sustained in this accident. He also claims damages for pain and suffering.

Matson Navigation denies these claims and contends that Mr. Pilare's negligence was the sole cause of the accident because he failed to look where he was walking at the time. Matson Navigation also claims that plaintiff's injuries and symptoms existed prior to this incident. Mr. Pilare denies Matson Navigation's claims.

14.

Mr. Pilare's first claim is for negligence under the Jones Act, a special act of Congress permitting recovery of damages for injuries suffered by a member of the crew of a vessel. To prevail, Mr. Pilare must prove the following by a preponderance of the evidence:

1. That Matson Navigation was negligent as claimed; and
2. That Matson Navigation's negligence was a cause of the injury to Mr. Pilare.

7

Negligence on the part of the employer is the prerequisite to recovery under the Jones Act. Specifically, Mr. Pilare claims:

1. That Matson navigation was negligent in not providing Mr. Pilare a safe place to work; and

2. That Matson Navigation was negligent in not providing instructions and warnings with regard to the valve assembly's location.

15.

Negligence is the failure to use reasonable care. Reasonable care is the degree of care that reasonably prudent persons would use under like circumstances to avoid injury to themselves or others. Negligence is the doing of something that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under like circumstances.

Negligence is a cause of an injury or damage if it played any part, no matter how small, in bringing about the injury or damage. Therefore, even if the negligence operated in combination with some other cause, the negligence was a cause of the injury or damage if it played any part, no matter how small, in bringing about the injury or damage.

16.

Mr. Pilare's second claim is for unseaworthiness. Here, he must prove each of the following by a preponderance of the evidence:

1. That the Motor Vessel Mokihana was unseaworthy; and

2. The unseaworthy condition was a cause of an injury to Mr. Pilare.

17.

A vessel owner has a duty to provide and maintain a seaworthy vessel.

A vessel is seaworthy if the vessel and all of its parts and equipment are reasonably fit for their intended purpose.

A vessel is unseaworthy if the vessel, or any of its parts or equipment, is not reasonably fit for its intended purpose.

A vessel owner has a duty to provide adequate safety equipment for the vessel. However, the owner of the vessel if not required to furnish an accident-free ship. A vessel owner is not called upon to have the best parts and equipment or the finest of crews, but is required to have what is reasonably proper and suitable for its intended use, and a crew that is reasonably competent and adequate.

18.

Mr. Pilare is not required to prove by a preponderance of the evidence that the entire vessel was unseaworthy, that is, that she would sink if she attempted to float; all that he must prove is that the equipment involved was not reasonably fit for its intended purpose, and that he was injured as a result.

If you find any unfitness of the vessel's equipment, it does not matter, as far as Matson Navigation's liability is concerned, how long or how short a time the condition of unfitness may have existed prior to the accident; nor does it matter that Matson Navigation did not know of its existence before the injury occurred. The length of time and Matson Navigation's knowledge, or lack of knowledge, are not pertinent here if the elements of Mr. Pilare's claims are established.

19.

Unseaworthiness is a cause of injury or damage if it played a substantial part in bringing about injury or damage. The claim of unseaworthiness differs from a negligence claim in that, if you find that Mr. Pilare has shown the existence of an unseaworthy condition causing him injury and damage, Mr. Pilare has no further burden of showing that the condition came about as the result of negligence of Matson Navigation or any other person.

20.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. The party seeking damages has the burden of proving damages by a preponderance of the evidence.

9

21.

You are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not certain. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. However, if you determine that a party is entitled to recover, you should compensate a party for the loss or harm caused by the injury in question which the evidence shows is reasonably certain to be suffered in the future.

22.

If you find for Mr. Pilare on his negligence or unseaworthiness claim, you must determine his damages. Mr. Pilare has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate Mr. Pilare for any injury you find was caused by Matson Navigation. You should consider the following:

1. The nature and extent of the injuries;
2. The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;
3, The mental, physical, and emotional pain and suffering experienced and which with reasonably probability will be experienced in the future;
4. The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;
5. The reasonable value of earnings lost to the present time;
6. The reasonable value of earnings which with reasonable probability will be lost in the future.

Any award for future economic damages must be for the present cash value of those damages. Noneconomic damages, such as pain and suffering, disability, disfigurement, etc., are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damage will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

23.

If you award damages on multiple claims, you must also indicate a total to eliminate any overlapping damages and to prevent double counting, as set forth in the special verdict form.

24.

Mr. Pilare has the duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. Matson Navigation has the burden of proving by a preponderance of the evidence:

1. That Mr. Pilare failed to use reasonable efforts to mitigate damages; and
2. The amount by which damages would have been mitigated.

25.

A person who has a condition or disability at the time of an injury is not entitled to recover damages therefor. However, a plaintiff is entitled to recover damages for any aggravation of such preexisting condition or disability caused by the injury.

This is true even if a condition or disability made plaintiff more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.

Where a preexisting condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional injury cause by the aggravation.

26.

Mr. Pilare is not entitled to any Worker's Compensation Benefits in this case and you must not make any assumptions that any such benefits will be received by Mr. Pilare in the

11

1  future. Pursuant to maritime law, however, and the contract between the union to which Mr.
2  Pilare belongs and various shipping companies, including Matson Navigation, all past medical
3  expenses incurred by plaintiff have been paid by Matson Navigation, as well as certain
4  disability payments, without regard to any fault on the part of Matson Navigation or Mr. Pilare.
5  Those payments are not to be applied as credits to any jury award.

27.

If you decide that Mr. Pilare has established by a preponderance of the evidence that he is entitled to recover under his Jones Act claim or unseaworthiness claim, then you must determine whether Mr. Pilare's own negligence was also a cause of his injury. Matson Navigation has the burden of proving by a preponderance of the evidence that Mr. Pilare was negligent and that his negligence was also a cause of his injury.

Mr. Pilare has a duty to use the care which a reasonably careful person would use under similar circumstances. Matson Navigation must prove by a preponderance of the evidence that Mr. Pilare's failure to use due care contributed in some way to bringing about his injury.

If you decide that Mr. Pilare was negligent and that his negligence was a cause of his injury, you must then decide how much of the injury was caused by his negligence. This should be a fixed percentage — for example, 10%, 50%, 90%. The percentage of plaintiff's negligence, if any, is for you to decide. You must then write that percentage on the appropriate place on the verdict form. Do not make any reduction in the amount of damages that you award to the plaintiff. I will reduce the damages that you award by the percentage of negligence that you assign to the plaintiff.

28.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.

29.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations.

30.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;
2. A work copy of these jury instructions for each of you;
3. A work copy of the verdict form for each of you; and
4. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

31.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some

time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

32.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

33.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

34.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated:

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE