Proposed Supplemental Jury Instruction:

Under Coast Guard regulations, every vessel of the type in question must have a safety management system, which must, among other things, "establish and implement safeguards against all identified risks." If you find in this case that a seaman hitting his head on the pipe and flange in question was an identified risk before the accident in question, then defendant was obligated to establish and implement a safeguard. A safeguard could include training, wearing of hard hats, padding, warning or other precautions. In deciding on an appropriate safeguard for an identified risk, a ship operator must take into account all reasonable and foreseeable factors, including the likelihood of an accident, the consequences of a foreseeable accident, the various alternative safeguards and their comparative costs and benefits. If you find that a seaman's hitting his head on the pipe and flange was an identified risk, then you must decide whether the warning tag on the pipe and flange was, by itself, a reasonably adequate safeguard, taking into account all circumstances. If it was, then there was no negligence. On the other hand, if it was not a reasonably adequate safeguard, taking into account all the circumstances, then it was negligent for the ship operator to rely solely on the warning tag.

<u>Proposed Supplemental Special Verdict Form</u>:

1. Has plaintiff proven by a preponderance of the evidence that there was an identified risk that a seaman would hit his or her head on the pipe and flange in question?

    Yes_____   No_____

2. If so, has plaintiff proven by a preponderance of the evidence that defendant failed to safeguard against the risk?

    Yes_____   No_____